UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOR CHIN LIM,<br><br>   Plaintiff,<br><br>  v.<br><br>NEW YORK STATE BOARD OF LAW EXAMINERS, et al.,<br><br>   Defendants. | Case No. 25-cv-04635-JSC<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, who is detained at the Mendota Mental Health Institute in Wisconsin and is proceeding without an attorney, filed this civil action. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, this case is DISMISSED.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1915(e)(2) provides that the court "shall" dismiss any case brought in forma pauperis "if the court determines" the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915(e)(2) is not limited to prisoners or to suits against governmental defendants.

*Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).[1]

## LEGAL CLAIMS

The claims and defendants in this case were included in a complaint filed in a prior case that was dismissed as frivolous and without leave to amend. *See Lim v. New York State Board of Law Examiners, et al.*, No. C 25-cv-02660 HSG (ECF Nos. 1, 14, 21, 22.) As explained in that case:

> As demonstrated by the attachments to his present Complaint (ECF No. 1), Plaintiff has previously filed many other cases in many other courts. He does not appear to have met with success. The Eastern District of Wisconsin found an apparently similar complaint that Plaintiff filed in 2021 to be frivolous, and noted that the Western District of Wisconsin reached the same conclusion in several previous cases:
>
>> The complaint is largely incomprehensible but does make out a general laundry list of grievances against each defendant for wrongs ranging from a bad grade on an economics quiz in 1996, ECF No. 1 ¶ 34, to a massive conspiracy by several jurists, police officers, prosecutors, public defenders, the CEO of JP Morgan Chase, and President Barack Obama to wrongly convict Lim of possession of Molotov cocktails and prevent his appeal, ECF No. 1 ¶ 33. The list goes on, and there are several more allegations, each as fantastical as the next. Furthermore, Lim has a history of filing frivolous lawsuits. *E.g.*, *Lim v. City of Chicago*, No. 13-CV-347-BBC, 2013 WL 3967889, at *1 (W.D. Wis. July 31, 2013) ("[Lim] is restricted from filing new cases without paying the full filing fee because he has filed at least three cases in this court that have been deemed frivolous.").
>
> *Lim v. JP Morgan Chase Bank NA*, No. 21-CV-1277-SCD, 2021 WL 11586133, at *1 (E.D. Wis. Nov. 16, 2021), *recommendation adopted*, 2021 WL 11586132 (E.D. Wis. Dec. 1, 2021).
>
> One might reasonably wonder what this action, where the first defendant to appear in the caption is the New York State Board of Law Examiners, has to do with a prior case against former President Barack Obama and JP Morgan Chase CEO Jamie Dimon. But Obama and Dimon are also named as defendants here, among

---

[1] It is not clear from the complaint which of the above screening provisions apply here because the complaint does not indicate whether Plaintiff is involuntarily detained in a mental health facility or whether he is there voluntarily. This need not be resolved, however, because under either of the above screening provisions, for the reasons discussed below, the case is duplicative and therefore must be dismissed as frivolous.

2

hundreds of other people and entities, including—to name a very small sample of them—the People Action Party of Singapore, the accounting firm Deloitte & Touche, the Government of Malaysia, the Board of Regents of the University of Wisconsin System, 24 Hour Fitness, the City of Santa Monica, Microsoft, Georgia election workers Ruby Freeman and Wandrea "Shaye" Moss, and apparently most if not all Democratic members of Congress. The caption alone of Plaintiff's Complaint runs seventeen pages long, and the description of parties continues to page sixty-three.

Like in the Wisconsin case, to the extent that the Complaint here is intelligible, it is a comprehensive list of grievances and misfortunes over multiple decades of Plaintiff's life. The events at issue range from legal proceedings in Southeast Asia in the early 1990s, through Plaintiff failing nursing exams at the University of Dubuque in Iowa in the early 2000s, through several car accidents in Northern California in the last few years, among many other incidents. *See* Compl. at 69–71. To the extent Plaintiff asserts that the hundreds of defendants he has named conspired together or acted in concert, his allegation to that effect are conclusory. Moreover, the underlying implication that bribery by associates of Lee Kuan Yew (a former Prime Minister of Singapore), *see* Compl. at 68, is behind Plaintiff's criminal prosecutions, failures to pass multiple professional examinations, car accidents, rejection by universities, and various other troubles in the United States, appears to be fanciful.1 That sort of implausible conspiracy theory suggests that the Complaint is "frivolous" within the meaning of § 1915(e)(2)(B), *see Denton*, 504 U.S. at 32–33, as does Plaintiff's "extreme failure to comply with the rules for joinder," *see Cooney*, 2018 WL 11249355, at *3.

The relief that Plaintiff seeks is similarly scattered, including (as but a few examples): a declaration that all "election results obtained by Republican Party candidates in the 2024 General election are invalid," rendering Kamala Harris the winner of the presidential election by default *id*. at 73, ¶ 1; an order requiring Malaysian Prime Minister Anway Ibrahim to tender his resignation, *id*. at 75, ¶ 13; "An injunction restraining arms manufacturer as follows [sic; none are listed] from supplying arms to Israel, Ukraine, and province of Taiwan," *id*. at 75, ¶ 18; a declaration that Plaintiff is actually innocent of criminal charges to which he pled guilty in 2013, *id*. at 75, ¶¶ 19– 20; "A Declaration that plaintiff has passed the Nursing Board Exams and is registered as a Registered Nurse in the State of his choice," *id*. at 76, ¶ 23, and an injunction prohibiting author E. Jean Carroll from opposing any appeal or application by President Donald Trump regarding the judgments entered in Carroll's favor against him, *id*. at 78–79, ¶ (E). Plaintiff's requests for relief that have no apparent connection to Plaintiff himself (or to his factual allegations) reinforces the Court's conclusion that the Complaint is frivolous.

*Id.* (ECF No. 22 at 3-5).

3

An in forma pauperis complaint that merely repeats the same factual allegations and claims asserted in an earlier case may be considered abusive and dismissed as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Plaintiff here merely repeats factual allegations and claims he asserted in his prior case. This case is therefore subject to dismissal as duplicative.

## CONCLUSION

For the reasons discussed above, Plaintiff's claims are DISMISSED with prejudice and without leave to amend. In light of this conclusion, Plaintiff's motions for a temporary restraining order are DENIED.

The Clerk shall enter judgment and close the file.

This order terminates docket numbers 2 and 9.

**IT IS SO ORDERED.**

Dated: September 29, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

4